HOFFPAUIR, Judge ad hoc.
This suit was brought under the provisions of LSA-R.S. 18:1251 by Jefferson E. Newsom and others against Kenneth Temple and the Tangipahoa Parish Democratic Executive Committee to have declared null and void the result of the general election held November 4, 1952 as promulgated by the Board of Supervisors of Elections of the Parish of Tangipahoa, Louisiana, and to declare that Jefferson E. Newsom be the duly elected school board member from Ward 1 of that parish.
Kenneth Temple, defendant, qualified as a candidate for the Parish School Board before the Tangipahoa Parish Democratic Executive Committee, in the election to be held July 29, 1952. Since he was unopposed he was declared by the committee to be the Democratic Nominee and his name not carried on the ballot. Likewise, in the second Democratic primary election held September 2, 1952 his name was not carried on that ballot.
The general election held November 4, 1952 resulted in a vote of 509 for Kenneth Temple and 25 for plaintiff, his name appearing as a write-in candidate under the provisions of LSA-R.S. 18:732. On November 8, 1952 a Board of Supervisors of Elections for Tangipahoa Parish promulgated the result of the election, declared Kenneth Temple elected and certified to the Secretary of State that he was the duly elected member of the School Board from Ward 1. A commission was issued to him by the Governor and on December 27, 1952 he took the oath of office before the Clerk of Court of Tangipahoa Parish. The same day he offered his resignation of the office by letter directed to the Governor which was accepted January 5, 1953.
The suit followed and was aimed at not only setting aside the election but asked the court to declare the write-in candidate as the duly elected School Board Member. The sole basis for the complaint is that Kenneth Temple was allegedly not a resident of 'the Parish of Tangipahoa, nor the State of Louisiana on November 4, 1952, the date of the general election, and that he was, therefore, not qualified as a Nominee whose name should appear on the ballot.
The trial judge took the case under advisement, considered the evidence, and being of the opinion that the allegations of plaintiff were not supported by the evidence, dismissed the suit at plaintiff’s cost. Plaintiff was granted and has perfected an appeal to this court.
It is an elementary rule of law that one who asserts a fact must carry the *359 burden of proof and that fact must be established by a reasonable preponderance-of the evidence. Morris v. Vining, La.App., 49 So.2d 458. Plaintiff’s cause of action is based entirely upon the contention that defendant was not a resident of Tan-gipahoa Parish nor the State of Louisiana on November 4, 1952, and in order to be successful evidence to establish that fact must be produced. Furthermore, plaintiff admits by the allegations that defendant qualified as a candidate for the School Board before the Democratic Executive Committee and presumably was a resident of Tangipahoa Parish on September 29, 1952. A domicile once acquired is presumed to continue and the burden is upon him who alleges a change. Young v. Byrnes, 14 Orleans App. 75. The trial court was of the opinion that plaintiff had not supported his allegations with sufficient evidence and we find nothing in the record to justify a reversal of his findings. As stated in Courtney v. Singleton, 27 So. 2d 448, 452, the court said:
“As has been said before, Courts are loathe to thwart the result of an election-after the votes have been cast and fairly counted and will not act to change that result except for grave and sufficient reasons', clearly and amply supported by law.”
In the instant case no such reasons appear and we therefore affirm the finding of the trial court.
In plaintiff’s brief it is urged that the trial court committed error in sustaining an objection offered by the attorney for defendant urging the attorney-client privilege and immunity when called upon to answer questions propounded by attorney for plaintiff. LSA-Civil Code, Article 2283 reads as follows:
“No attorney or counsellor at law shall give evidence of any thing that has been confided to him by his client, without the consent of such client; but his being employed as a counsellor or attorney, does not disqualify him from being a witness in the cause in which he is employed.”
In view of the above we do not believe the trial court was in error in sustaining the objection.
Since we are of the opinion that defendant was not shown to be an unqualified candidate in the general election held November 4, 1952, the results must necessarily be upheld. This being our opinion, then the request that plaintiff be declared -by the court to be the duly elected school board member from Ward. 1 of Tangipahoa Parish cannot be granted.
Judgment affirmed.