312 So.2d 289 (1975)
Oliver MEYER
v.
STATE of Louisiana, DEPT. OF PUBLIC SAFETY LICENSE CONTROL AND DRIVER IMPROVEMENT DIVISION.
No. 55660.
Supreme Court of Louisiana.
April 24, 1975.
*290 Foye L. Lowe, Jr., Associate Gen. Counsel, Dept. of Public Safety, Baton Rouge, for defendant-appellant.
Broderick A. Bagert, Bagert & Bagert, New Orleans, for plaintiff-appellee.
MARCUS, Justice.
After suspension of his driver's license for a period of six months for his failure to submit to a chemical test after his arrest for operating a motor vehicle upon a public street in the City of New Orleans while under the influence of alcoholic beverages (R.S. 32:661-669), Oliver Meyer filed suit in the Civil District Court for the Parish of Orleans (R.S. 32:668, R.S. 32:414, subd. E) seeking to enjoin and prohibit the Department of Public Safety from suspending his driving privileges. After hearing, the Department of Public Safety was so enjoined on the finding that the test sought to be administered, a photoelectric intoximeter test, was not a valid test, and the act as applied to Meyer was unconstitutional. The Department of Public Safety has appealed.
*291 Two issues are presented for determination on this appeal: (1) the conclusion of the trial court that the offered test was not valid; and (2) the holding that the act, R.S. 32:661-669, as here applied to Meyer, is unconstitutional.
On July 13, 1973, plaintiff was placed under custodial arrest by members of the New Orleans Police Department for driving his vehicle on a public street in the City of New Orleans while under the influence of alcoholic beverages. In accordance with R.S. 32:661, he was informed of the consequences of his refusal to submit to a photoelectric intoximeter test and was advised of his constitutional rights. He refused to submit to the test and likewise refused to sign the form. However, he did sign a statement indicating that he had refused to take the test but had been advised of the consequences of his refusal in that his driving privileges would be suspended for six months because of his refusal and of his constitutional rights. Thereafter, he was notified by the Department of Public Safety that his driving privileges had been withdrawn for a six-month period for his refusal to submit to the offered test. Plaintiff then requested and was afforded an administrative hearing regarding this determination. The hearing conducted resulted in the suspension of his driving privileges for the stated length of time. From this ruling, plaintiff sought judicial review in the civil district court in accordance with R.S. 32:668 and R.S. 32:414 subd. E.
At trial, plaintiff contended that the test offered had not been approved by the Department of Health, and, if so, alternatively, the photoelectric intoximeter test should consist of two parts, only one of which was administered, thus making the test invalid.[1]
The Department contends on this appeal that the record is devoid of any evidence whatsoever to show that the test offered was invalid, either legally or scientifically.
The pertinent provisions of the law regarding the test to be administered are as follows:
R.S. 32:661 subd. A
A. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.

(Emphasis added.)
R.S. 32:663.
Chemical anaylses of the person's blood, urine, breath or other bodily substance, to be considered valid under the provisions of this Part, shall have been performed according to methods approved by the state department of health and by an individual possessing a valid permit issued by said department for this purpose. The state department of health is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals *292 to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the department. Added by Acts 1968, No. 273, § 14.
(Emphasis added.)
Although plaintiff alleged that the test was not valid because it was not approved by the Department of Health pursuant to the provisions of R.S. 32:663, no proof of this fact was offered. Implicit here is the principle that, in the absence of proof to the contrary, it must be assumed that the test here administered by these police officers is that provided for in R.S. 32:663.[2] When a party claims otherwise, he bears the burden of proving his claim.
Somehow, plaintiff assumes that it was incumbent upon the Department of Public Safety, defendant in this proceeding, to prove that the test offered was a valid test under the provisions of R.S. 32:661-669. In this assumption, plaintiff is in error. It is an elementary rule of law that one who asserts a fact must carry the burden of proof of that fact and the fact must be established by a reasonable preponderance of the evidence.[3]
The law affords to a party whose license is suspended under R.S. 32:661 et seq. after a hearing before the Department of Public Safety, the right to file a petition in the appropriate court for review. La.R.S. 32:668 (1968), as amended, Acts 1972, No. 534, § 1. The appropriate court is the district court of the parish in which the applicant resides and when such a petition is filed, the matter is set for hearing in open court. Id. 32:414 subd. E, as amended, Acts 1968, No. 597, § 1. It then becomes a civil action amenable to all of the ordinary rules of procedure and proof. The fact that this is an action for judicial review of an administrative hearing does not change the burden of proof placed by law on the plaintiff.
Accordingly, plaintiff having alleged that the test was not valid because it was not approved by the Department of Health and having failed in proof of this fact, the conclusion of the trial judge that the test was not a valid test is erroneous.
The alternative contention likewise cannot prevail. No proof appears in the record to the effect that, in order for the photoelectric intoximeter test to be administered properly, two parts must be given. Here, the breath sample was given. According to plaintiff, this is the first phase of the test. The second portion is claimed to be the breath sample in a "perchlorate tube." The only testimony regarding this phase is the questioning of the police officers as to whether they had heard of this portion of the test and whether it was in fact administered. The record contains no proof that, in order for this test to be in accordance with law, the two phases must in fact be administered. Again, the burden of proof rests with the plaintiff. Accordingly, we find error in the trial court's holding that the act, R.S. 32:661-669, as here applied to Meyer, is unconstitutional.
For the reasons assigned, the judgment of the district court is reversed and set aside, and plaintiff's demands are rejected.
DIXON, J., dissents. This court does not have jurisdiction of this appeal. No statute has been declared unconstitutional.
NOTES
[1] The second part of the photoelectric intoximeter test is said to consist of a breath sample through a "perchlorate tube" which is then sealed and maintained for later laboratory analysis as a double check on the first part (the breath sample).
[2] In R.S. 15:431, it is presumed "that public officers have done their duty." Although this is a civil proceeding, it necessarily involves actions of police officers.
[3] Brown v. Brown, 260 So.2d 66 (La.App.4th Cir. 1972), cert. denied 261 La. 1067, 262 So.2d 45 (1972); Sandel v. Travelers Ins. Co., 225 So.2d 736 (La.App.3d Cir. 1969); Newsom v. Temple, 66 So.2d 357 (La.App. 1st Cir. 1953). See Kolb v. State, Dept. of Public Safety, Lic. C. & D.I. Div., 299 So.2d 877 (La.App. 4th Cir. 1974), where it was concluded that plaintiff had borne the burden of proof imposed on him by law in his action filed in the district court for judicial review of suspension of his license.