BOLIN, Judge.
Global Underwriters, Inc., a high risk insurance broker, sued Merchants Insurance Agency, Inc., for workmen’s compensation premiums due under an insurance policy which Global secured with Fidelity General Insurance Company for W. L. Rambo Drilling Company, a customer of Merchants. Merchants denied the debt and made Rambo a third party defendant. The lower court rejected plaintiff’s demands upon a finding that Global failed to prove it sold the Fidelity policy to Merchants. We affirm.
The issue is whether plaintiff proved its case.
Paragraph 2 of Global’s petition sets forth the basis of its demand:
That they did sell to Merchants Insurance Agency, Inc., certain insurance which was financed under a premium finance agreement on or about the 8th day of January, 1970, which installments have not been paid, as reflected by the statement which is attached and which there is a balance due thereon and owing in the amount of ONE THOUSAND EIGHT HUNDRED FORTY NINE AND 71/100 ($1,849.71) DOLLARS, all of which is shown more fully by the statement as well as the premium finance agreement, which is attached hereto and made a part hereof.
Contrary to Global’s petition, no finance agreement was attached nor was it filed in evidence. The only reference to Merchants in the Fidelity policy states Merchants was the “producer”.
In his written opinion the trial judge found the Fidelity' policy was issued to Rambo and that there was no evidence Global sold insurance to Merchants. We find the record supports this finding and, since it is elementary that a plaintiff must prove all the essential elements of his petition, Global’s suit must fall for lack of proof. Iennusa v. Rosato et al., 207 La. 999, 22 So.2d 467 (1945); Meyer v. State, Dept. of Public Safety License Control, etc., 312 So.2d 289, 292 (La.1975).
The judgment is affirmed at appellant’s cost.