483 So.2d 1231 (1986)
Charles E. HOFFMAN, Jr.
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY.
Thomas R. BARKER
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY.
Nos. CA-3744, CA-4460.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
Reed & Reed, Bruce G. Reed, New Orleans, for appellant.
Wayne R. Crouch, Dept. of Public Safety, Baton Rouge, for appellee.
Before BYRNES, GULOTTA and LOBRANO, JJ.
BYRNES, Judge.
This is a consolidated appeal from judgments of the Civil District Court upholding the Department of Public Safety's suspension of appellants' driving privileges.
The facts of the two cases are similar. Both appellants were stopped, at separate times and locations, for driving while intoxicated, a violation of R.S. 14:98. Both were arrested and taken to the nearest police station where they were asked to take the Photo Electric Intoximeter test (PEI) to determine their blood alcohol content. Both refused and in accord with the provisions of R.S. 32:666 and 32:667, they were informed of the consequences of their refusal. They were later notified by mail of the 180 day suspension of their driving privileges. Both parties timely requested the administrative hearing provided for in R.S. 32:667.
At no time during the course of this hearing did the state introduce evidence that the test which appellants were asked to take was one which had been approved by the state for determining blood alcohol level. The hearing officer upheld the suspension. Both parties petitioned for de novo review by the Civil District Court which upheld the suspensions.
Appellants contend that the State had the burden of proving that the test offered to them was an approved chemical test as required by R.S. 32:668. We disagree.
*1232 The case of Meyer v. State Department of Public Safety, Lic. Con., etc., 312 So.2d 289 (La.1975) is dispositive of the issue. In Meyer, as in the instant case, the appellant had refused to submit to the PEI. On appeal, he contended that the state failed to meet its burden of proof by establishing that the test given to him was valid. The Supreme Court rejected this argument, holding that:
"Although plaintiff alleged that the test was not valid because it was not approved by the Department of Health pursuant to the provisions of R.S. 32:663, no proof of this fact was offered. Implicit here is the principal that, in the absence of proof to the contrary, it must be assumed that the test here administered by these police officers is that provided for in R.S. 32:663. When a party claims otherwise, he bears the burden of proving his claim.
Somehow, plaintiff assumes that it was incumbent upon the Department of Public Safety, defendant in this proceeding, to prove that the test offered was a valid test under the provisions of R.S. 32:661-669. In this assumption, plaintiff is in error. It is an elementary rule of law that one who asserts a fact must carry the burden of proof of that fact and the fact must be established by a reasonable preponderance of the evidence.
The Court's holding recognized that judicial review of the administrative hearing under R.S. 32:668 is:
... a civil action amendable to all of the ordinary rules of procedure and proof. The fact that this is an action for judicial review of an administrative hearing does not change the burden of proof placed by law on the plaintiff.
The appellants in this case presented no evidence concerning the validity of the test they refused to take and thus failed to carry the burden of proving their claim. We therefore affirm the judgment of the District Court at appellants' cost.
AFFIRMED.