SEXTON, Judge.
The Department of Public Safety, Driver’s License Division, State of Louisiana (the Department), has appealed a judgment in favor of the plaintiff, Leroy McWhiney, Sr., which reversed the Department’s administrative order of suspension of his driver’s license. We affirm the judgment.
On September 7, 1985, McWhiney was arrested for driving while intoxicated. The photo-electric intoximeter (PEI) test administered to him resulted in a blood alcohol reading of .105 percent. In accordance with the implied consent law, LSA-R.S. 32:661, et seq., the Department of Public Safety suspended McWhiney’s driver’s license for a period of ninety days.
McWhiney requested an administrative hearing. At that hearing, the results of the PEI test, as well as other attendant documentation, were introduced. However, that documentation did not include a certificate showing that the person who last performed a maintenance check on the machine which tested McWhiney was certified to do so by the Louisiana Department of Public Safety. At the conclusion of the hearing, the Department affirmed the suspension of plaintiff’s license.
*1203 McWhiney then filed an application for judicial review of the suspension of his license. The district court determined that the Department had failed to carry its burden under LSA-R.S. 82:668 A(4) of proving that the plaintiff McWhiney had submitted to an approved chemical test, the result of which had a reading of .10 percent or more by weight of alcohol in the blood. Specifically, the court found the state’s proof deficient because the state failed to introduce a certificate at the suspension hearing showing that the technician that tested the machine used to calculate the plaintiffs blood alcohol content was qualified to test such a machine.
Upon appeal, the Department asserts that the district court erred in (a) determining that the standards for the admission of PEI test results in a criminal proceeding apply in license suspension hearings and (b) placing the burden on the Department to prove that the test administered met the requirements of LSA-R.S. 32:661, et seq.
Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to a chemical test or tests of his blood or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while believed to be under the influence of alcoholic beverages. LSA-R.S. 32:661. LSA-R.S. 32:663 provides that:
Chemical analyses of the person’s blood ... or other bodily substance, to be considered valid under the provisions of this Part, shall have been performed according to methods approved by the Department of Public Safety and by an individual possessing a valid permit issued by said department for this purpose.
When the test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, the motorist’s license will be suspended for ninety days. LSA-R.S. 32:667. Upon such a suspension, the motorist can request a hearing which shall cover, among other issues, the question of whether the motorist voluntarily submitted to an approved chemical test which resulted in a blood alcohol reading of .10 percent or above by weight of alcohol in the blood. LSA-R.S. 32:668 A(4).
It is clear that in criminal proceedings, the state must lay a foundation for the introduction of PEI test results. State v. Jones, 316 So.2d 100 (La.1975); City of Monroe v. Robinson, 316 So.2d 119 (La.1975). Furthermore, that burden has been specifically held to require evidence of the qualifications of the technician who performed the required maintenance on the machine used to test the driver. State v. Gregory, 403 So.2d 1225 (La.1981); State v. Morrison, 392 So.2d 1037 (La.1980).
Thus, the essential issue in this appeal becomes whether the department has the same burden to prove the qualifications of the maintenance technician in a license suspension hearing as it has in a criminal proceeding.
The Department relies on Meyer v. State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division, 312 So.2d 289 (La.1975), in support of the proposition that the hearing is a civil one and thus the burden of proof is on the plaintiff to prove an infirmity in the test.
In Meyer, the plaintiff’s license was suspended when he refused to submit to a chemical test after he was arrested for operating a motor vehicle while intoxicated. In the district court the plaintiff argued that the statute was unconstitutionally applied to him because the test sought to be used by the Department of Health was an invalid one.
Meyer is, however, distinguishable. Meyer involved a plaintiff who had refused to take the test. That plaintiff’s specific contention was that the test itself was invalid. In other words, the Meyer plaintiff contended that it was inappropriate for the law to require that he submit to the Department’s test or lose his license because the method of administration of the test was not valid. (He contended the test should be given in two parts in order to be properly administered.) Thus, the specific holding of the court was that the plaintiff in Meyer had not carried his burden of *1204 proving that LSA-R.S. 32:661 as applied in his case was unconstitutional.
On the other hand, we have no quarrel with the idea that a suspension hearing is theoretically civil in nature as opposed to criminal. See State v. Love, 312 So.2d 675 (La.App. 2d Cir.1975), writ denied 317 So.2d 627 (La.1975). However, we believe the wording of the statutes involved, Part XIV of Title 32, TESTS FOR SUSPECTED DRUNKEN DRIVERS (LSA-R.S. 32:661 et seq.), is fatal to the Department’s position concerning the burden of proof under those statutes.
Section 32:668 A states that at the hearing to determine the validity of the Department’s previous suspension, certain issues shall be involved in “the scope of [the] hearing.” Part 4 of this section states that one of the issues is “[w]hether he voluntarily submitted to an approved chemical test and whether the test resulted in a blood alcohol reading of .10 percent or above by weight of alcohol in the blood.” Thus, this language places the burden on the department to show that the defendant took an approved test resulting in a .10 reading.
As we have already noted, Section 663 requires that the Department approve satisfactory methods for the testing of blood and also requires the Department to approve appropriate techniques to determine the competence of individuals to conduct such an analysis and to issue permits certifying such competence.
In this regard, a test is not an “approved test” unless the appropriate maintenance has been performed on that machine by a properly certified technician. State v. Gregory, supra; State v. Morrison, supra.
Section 662 establishes the crucial presumption that one is “under the influence of alcoholic beverages” with a blood test reading of .10. It is this presumption of being under the influence of alcoholic beverages that gives value to a showing of a .10 reading under Section 668 and results in the affirmation of the suspension of a person’s driver’s license. Thus, the necessity that the test be an “approved” test is emphasized by the fact that, simply by virtue of this test result, the state can suspend a person’s license.
The pertinent portions of Section 662 provide:
§ 662. Administering chemical test; use of results as evidence A. The chemical test or tests as provided for by this Part shall be subject to the following rules and shall be administered as provided for hereafter:
1. Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcoholic beverages the amount of alcohol in the person’s blood at the time alleged as shown by chemical analysis of the person’s blood, urine, breath or other bodily substance shall give rise to the following presumptions:
[[Image here]]
This section has no application to a civil action or proceeding.
[Emphasis supplied.]
It is clear from this wording that Section 662 is intended to apply to all proceedings arising under Part 14 of Title 32, TESTS FOR SUSPECTED DRUNKEN DRIVERS (LSA-R.S. 32:661, et seq.) whether it is a criminal prosecution for DWI or whether it is a proceeding to revoke or suspend driving privileges. It seems apparent that the purpose of the “civil action” disclaimer at the conclusion of the section is simply to exempt the applicability of the presumption to “classic” civil actions.
Clearly, a license cannot be suspended without the presumption established by Section 662. Thus if, as the Department argues, this is a civil case where the mov-ant has the burden, then the disclaimer at the conclusion of Section 662 would seem to preclude the availability of the section’s presumption in a Section 668 hearing. In other words, if the Department is correct that Meyer, supra, makes this a civil proceeding in the classic sense, then the specific wording of Section 662 would prevent the use of the essential presumption in a suspension hearing and there could be no suspension of driving privileges. Thus, the Department’s argument falls of its own weight as it is clear the legislature intend *1205 ed the presumption of Section 662 to apply to suspension hearings.
In summary, Section 662 provides the presumption that one who is operating a motor vehicle with more than .10 percent by weight of alcohol in the blood is under the influence of alcoholic beverages. Section 668 states that a showing of such a reading (which gives rise to the presumption of being under the influence per Section 662) in “an approved chemical test” results in a confirmation of the suspension of driving privileges.* Since the test is not an “approved test” unless the appropriate maintenance has been performed by a properly certified technician, the state has the burden of so proving at a suspension hearing.
In the final analysis, then, the plain wording of the statute coupled with the definition of an approved chemical test as adopted by our jurisprudence places the burden on the state under the instant circumstances, as the district court correctly determined. Therefore, the judgment of the district court is affirmed at appellant’s costs insofar as costs may be legally assessed against the state in this instance.
AFFIRMED.

Actually, Section 667 provides for the original suspension and Section 668 governs the hearing if the driver challenges the original suspension.