KLEES, Judge.
This is an appeal from a judgment upholding the validity of a matrimonial agreement executed in 1942 by decedent, Adam R. Haydel, Sr., and his surviving spouse, Clara Mae Simon Haydel. We affirm.
Decedent died on September 19, 1981. He married twice during his lifetime. From his first marriage to Thelma Richard, decedent had three children, Theresa Hay-del Roques, Rosemary Haydel Gueringer and Thelma Haydel Hart, plaintiffs-appel-lees herein. Shortly after his first marriage ended in divorce, decedent married Clara Mae Simon. They had two children, Adam R. Haydel, Jr. and Cecilia Haydel Robert. Mrs. Robert is the executrix and defendant-appellant herein.
On February 16, 1942, one day before their wedding, decedent and Clara Mae Simon entered into a matrimonial agreement in which they renounced the community of acquets and gains and agreed to be separate in property. The document was signed by both parties, two witnesses and the notary public, Raymond Kierr. One of the witnesses was Clara Mae Simon’s mother, Flavia Simon. It was notarized and recorded in the mortgage office in Orleans Parish. From February, 1942 until December, 1979, both parties recognized the effects of this matrimonial agreement.
On December 28,1979, one week after he executed his last will and testament, decedent and his wife executed another notarial instrument labeled “matrimonial agreement.” This instrument asserted that the original matrimonial agreement signed in 1942 was not in authentic form as required by Article 2392, and further provided that in the event the 1942 agreement was declared valid, they desired to enter into a community of acquets and gains as of January 1, 1980. This instrument, also in authentic form, was signed and notarized by Samuel Gainsburgh, Raymond Kierr’s law partner.
Although decedent died in September, 1981, defendant took no steps toward closing the succession until plaintiffs brought an action to remove her as the executrix in March, 1984. Finally, on July 26, 1984, defendant filed the descriptive list which ignored the 1942 matrimonial agreement and listed all of decedent’s property as community property. Plaintiffs contested defendant’s actions and filed another motion to have her removed as the executrix.
After a hearing on the matter, the trial judge held that the 1942 matrimonial agreement was valid and that the instrument executed on December 28,1979 was a valid matrimonial agreement establishing a community regime between the parties as of January 1, 1980. The trial judge further held that all property acquired by the parties from January 1, 1980 to decedent’s death was community property unless specific acts of purchase provided otherwise. The trial judge, allowing defendant to remain as the executrix, ordered her to file an amended descriptive list. This appeal followed.
On appeal, defendant alleges three assignments of error. First, she asserts the trial judge erred in finding that the contract signed on February 16, 1942 was a valid matrimonial agreement. Secondly, she argues that the trial judge erred in concluding that she did not carry her burden of proof in attacking the validity of the 1942 matrimonial agreement. Lastly, defendant contends the trial court erred by failing to admit statements allegedly made by the decedent regarding who was present *858 when decedent signed the matrimonial agreement in 1942.
The Louisiana legislature in 1979 passed Act 709 which revised Louisiana’s community property law. The general provisions of this act became effective January 1, 1980. Prior to the effective date, a matrimonial agreement had to be in authentic form to be valid. Louisiana Civil Code Article 2328 provided: “Every matrimonial agreement must be made by an act before a notary and two witnesses.”
Also, Article 2329 provided in part: “Every matrimonial agreement can be altered by the husband and wife jointly before the celebration of marriage; but it can not be altered after the celebration.”
Furthermore, this court in Rittiner v. Sinclair, 374 So.2d 680, 685 (La.App. 4th Cir.1979), held:
[A]ll that the law requires is that the notary and witnesses be present, C.C. 2328, when each contracting party signs the act, C.C. 2234, and that notary and witnesses themselves also sign the act, although not necessarily at the time that any party signs it.”
Implicit here is the principal that, in the absence of proof to the contrary, it must be assumed that the 1942 matrimonial agreement between decedent and his surviving spouse is valid. When a party claims otherwise, he bears the burden of proving his claim. Derouen v. State Farm Mutual Automobile Insurance Company, 445 So. 2d 139 (La.App. 3rd Cir.1984).
Defendant contends that the matrimonial agreement executed in 1942 is invalid as to form because it was not made by authentic act. Specifically, she alleges it is invalid because both parties to the agreement did not sign it before the notary public and two witnesses.
In support of her contention that the matrimonial agreement is invalid, defendant relies on two items of evidence. The first is the matrimonial agreement dated December 28, 1979 in which the decedent declared that when he signed the 1942 matrimonial agreement at his Poydras Street office one of the witnesses to the act, Fla-via Simon, was not present. The second is the testimony of defendant’s mother, Clara Mae Simon Haydel. Mrs. Haydel testified that she and her mother, Flavia Simon, went to Raymond Kierr’s office to sign the agreement. She states that when she signed the agreement, only Mr. Kierr, her mother and another person from Mr. Kierr’s office were present. Furthermore, she testified that her mother could not have been present when decedent signed the agreement at his Poydras Street office because it was one day before her wedding and she remembered her mother’s being with her the entire day.
Additionally, defendant relies on Hardin v. Williams, 478 So.2d 1214 (La.1985) to assert that a donation was held invalid because it was not in authentic form; it was not passed before the notary public. In Hardin, the notary public who signed the document testified that he did not see the parties sign the document. This is not the case here. Defendant failed to call Raymond Kierr to testify to the circumstances surrounding the execution of the 1942 matrimonial agreement, even though he was available to do so. It is well settled that “one who asserts a fact must carry the burden of proof of that fact and the fact must be established by a reasonable preponderance of the evidence.” Meyer v. State Department of Public Safety, 312 So.2d 289, 292 (La.1975); Moore v. McDermott, 481 So.2d 602 (La.1986); Hoffman v. Louisiana Department of Public Safety, 483 So.2d 1231 (La.App. 4th Cir.1986).
A review of the record indicates that the document evidencing the 1942 matrimonial agreement does not appear to be defective on its face. It is signed by both parties, Adam R. Haydel and Clara Mae Simon. It is signed by two witnesses, Fla-via Simon and another witness, whose name is not legible. Lastly, it is signed and notarized by the notary public, Raymond Kierr.
The record also demonstrates that both parties recognized the effects of this matrimonial agreement for more than thirty-seven years. Included as exhibits in the record are three acts of sale executed by *859 decedent purporting to sell pieces of real estate to third parties. Two of these acts, those dated March 9, 1972 and September 29, 1977, specifically recite that Adam R. Haydel was married to Clara Mae Simon, was presently living and residing with her, but that they were separate in property by virtue of a marriage contract dated February 16, 1942. Those acts further recite that the marriage contract was made before Raymond Kierr, notary public and was recorded in M.O.B. 1644, folio 38. The third act, dated March 20, 1963, merely states that a marriage contract executed on February 16, 1942 existed between decedent and Clara Mae Simon.
We conclude that the defendant failed to carry her burden of proof. The evidence and testimony presented in the trial court by defendant was not sufficient to nullify the validity of an authentic act which was in effect for nearly forty years.
The factual conclusion of the trial court must be given great weight and will not be reversed on appeal absent manifest error. Moreover, a trial judge’s evaluation of credibility and reasonable inferences of fact should not be disturbed on appeal even if the appellate court feels its own evaluation or inferences might be more reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Defendant’s first and second assignments of error are without merit.
By her third assignment of error, defendant contends the trial court improperly excluded her testimony and the testimony of Mrs. Haydel which contained statements made by decedent to them regarding the persons present when decedent signed the matrimonial agreement in 1942. It is apparent that the testimony proffered by defendant is hearsay. Also, the omitted statements merely reiterated the same declarations made by decedent in the December 28, 1979 matrimonial agreement, which was admitted into evidence. Therefore, we cannot say that the trial judge committed manifest error by excluding the hearsay testimony. This assignment lacks merit.
Accordingly, the judgment upholding the validity of the matrimonial agreement executed in 1942 by Adam R. Haydel and Clara Mae Simon is affirmed.
AFFIRMED.