316 So.2d 107 (1975)
STATE of Louisiana
v.
George McGUFFEY.
No. 56362.
Supreme Court of Louisiana.
June 25, 1975.
Arthur H. Andrews, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-respondent.
BARHAM, Justice.
The relator was found guilty of driving while intoxicated, a violation of La.R.S. 14:98, after a trial before a judge. Upon his application we granted writs to review the correctness of the trial court's ruling which allowed the State to introduce into evidence the results of a Photo-Electric Intoximeter Test administered to relator shortly after the alleged offense; the relator's position is that the introduction into evidence of the test results over his objection was error because the State did not introduce into evidence the permit of the operator who administered the test which is required under La.R.S. 32:663.
At the trial relator desired that the permit itself, the best evidence of the operator's possession of proper certification, be *108 presented but agreed that he would settle for having the contents of the certificate read to him over the telephone by someone located wherever the permit could be found. Telephone calls were made to the Crime Laboratory and to police troop headquarters but only the operator's new certificate, one not pertinent to the time when the operator tested the relator, was located. The permit relevant to the time when the relator's intoximeter test was administered was never located.
In brief the relator additionally argues that the State failed to show that the operator complied with guidelines and methods promulgated by the state department of health for the administration of the PEI test. However, relator did not advance this particular argument in the trial court and we, therefore, will not consider it. See La.C.Cr.P. art. 841.
Because we have found that the failure to physically produce the operator's certification or permit evidencing his qualifications and authority to administer the PEI test is error warranting the reversal of a conviction and sentence in State v. Jones, La., 316 So.2d 100, decided this date, we are constrained to reach a conforming result in the instant case for the reasons fully set forth in the Jones opinion, and because, in the instant case, the evidence acceptable to relator in lieu of strict adherence to the best evidence rule was not produced.
The relator's conviction is hereby reversed and the case remanded for a new trial.
Reversed and remanded.
SANDERS, C.J., dissents and assigns written reasons.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
Notwithstanding the intoximeter test, I am of the opinion there was ample evidence of intoxication to support a finding by the trial judge. This being so, whether the intoximeter test was properly performed or admissible as evidence is immaterial.
Troopers on the roadside awaiting the van to administer an intoximeter test to another suspect, saw McGuffey's vehicle driving astraddle the centerline marker and weaving from side to side. It was about 3 o'clock in the morning, so they flagged him down and had him get out of his vehicle. As he got out, he was very unsteady on his feet and had a strong odor of alcohol about him. While waiting for his turn to take the intoximeter test, McGuffey leaned against the trooper's car and his talk was thick-tongued. There was "no doubt" in the mind of one of the arresting officers that McGuffey was intoxicated. Another testified that he was "obviously" intoxicated.
This was "some evidence" of the guilt of the defendant covering all the essential elements of the offense. When the record supports this condition, this Court is without authority to pass upon the sufficiency of that evidence. La.Const. art. VII, Sec. 10 (1921). The Court's jurisdiction on review of a criminal prosecution is confined to questions of law alone.
No attention has been given to the testimony of these officers and the strong proof of intoxication in this record by the majority opinion.
I respectfully dissent.
SANDERS, Chief Justice (dissenting).
I dissent for the reasons assigned by Mr. Justice Summers.