403 So.2d 1225 (1981)
STATE of Louisiana
v.
Steven L. GREGORY.
No. 81-K-0797.
Supreme Court of Louisiana.
September 8, 1981.
Travis M. Holley, Bastrop, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Tommy Adkins, Dist. Atty., Joseph A. Cusimano, Jr., Asst. Dist. Atty., for plaintiff-respondent.
MARCUS, Justice[*].
Steven L. Gregory was charged by bill of information with operating a vehicle while intoxicated, second offense, in violation of La.R.S. 14:98. After a bench trial, defendant was found guilty as charged. Prior to sentencing, defendant's application for judicial review under our supervisory jurisdiction was granted. Defendant assigns three errors for reversal of his conviction. Finding reversible error in one of the assigned errors, we need not consider the others.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in admitting in evidence the results of a Photo-Electric Intoximeter (PEI) test without requiring the state to show that the individuals who performed the maintenance checks on the PEI unit used to test him *1226 were certified by the Department of Public Safety in accordance with its rules. He argues that improper admission of those results constituted reversible error.
At trial, Trooper B. L. Brossette testified that while proceeding on La. Highway 2 in Union Parish on August 31, 1980, she encountered two motorcycles coming from the opposite direction. Noticing that the motorcycles were weaving in their lane, she turned around and proceeded to follow them. The motorcycles continued to weave on the road and the cyclists were passing a can of beer between them. Trooper Brossette then stopped the cyclists, one of whom was defendant. Defendant was described as wearing only a pair of cut-offs, his eyes were blurry and very red, he was in a "happy-go-lucky" frame of mind, there was an odor of alcohol about his person, and he was swaying on his feet. The trooper placed defendant under arrest for DWI, read him his rights, and "asked him to come in and take a test." Defendant was transported in the trooper's vehicle to the sheriff's office where he was read the "rights form" which was signed by him. Defendant was then administered the PEI test by E. T. Rushing, Chief of Police of the Town of Farmerville.
During the direct examination of Chief Rushing, the state introduced a copy of Chief Rushing's certificate to conduct breath test analysis, the manufacturer's certificate of the lot of ampuls used as to its standard of quality in reference to the chemical contents and tolerance, the machine recertification form for the instrument located in the sheriff's office and the certification that the ampul lot numbers used were spot checked for performance. When the state sought to introduce the PEI check list showing the results of defendant's test, defendant objected. The trial judge admitted the results subject to defendant's objection reserving his ruling thereon. The PEI test indicated that defendant's blood contained .11 per cent alcohol by weight, a percentage sufficient to give rise to the statutory presumption that defendant was under the influence of alcoholic beverages. La.R.S. 32:662(A)(1)(c).[1] The trial judge subsequently overruled defendant's objection but stated that he found defendant guilty based upon the "behavior characteristics" of defendant as observed by the arresting officer and the officer administering the test without considering the results of the PEI test.
In order for the state to avail itself of the statutory presumption of a defendant's intoxication arising from a chemical analysis of his blood, La.R.S. 32:662, it must show (1) that the state has officially promulgated detailed methods, procedures and techniques to insure the integrity and reliability of the chemical tests including provisions for repair, maintenance, inspection, cleaning, chemical accuracy, and certification; and (2) that the state has strictly complied with the officially promulgated methods, procedures and techniques in the chemical analysis offered as evidence in the case on trial. State v. Goetz, 374 So.2d 1219 (La.1979); State v. Graham, 360 So.2d 853 (La.1978); State v. Jones, 316 So.2d 100 (La.1975). Under La.R.S. 32:663, the Department of Public Safety is authorized to approve satisfactory techniques or methods for chemical analyses of the person's blood, urine, breath or other bodily substance, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the department. In the Breath and Blood Alcohol Analysis Methods and Techniques established by the Department of *1227 Public Safety, Rule 4d requires: "Maintenance checks will be performed on a routine basis at least once every four months, by the Louisiana State Police Crime Laboratory, Applied Technology Unit." (The rule then lists particular items to be checked.) 4 La.Reg. 391 (1978). Rule 8 provides in part: "Maintenance: maintenance and/or repair work will be performed by Breath Analysis Inspectors working for the Applied Technology Unit of the Louisiana State Police Crime Laboratory, who are certified by the Louisiana Department of Public Safety to perform such." (Emphasis added.)
In State v. Morrison, 392 So.2d 1037 (La. 1980), this court held that where the state failed to offer any proof of the qualifications of the maintenance technicians, the trial judge erred in admitting the results of an Auto-Intoximeter test.[2] We held that even though the trial judge stated that he considered the other evidence sufficient to find defendant guilty, we could not "speculate as to what decision the trier of fact would have or should have made" absent the inadmissible evidence. Considering the judgment of guilty so affected (or tainted) by the improper admission of the test results, we found reversible error.
In the instant case, under facts similar to those in Morrison, the state failed to produce evidence of the qualifications of the maintenance technicians who performed the required maintenance checks on the instrument used to test defendant in accordance with the rules promulgated by the Department of Public Safety. Despite the statement by the trial judge that he found defendant guilty based on evidence other than the results of the PEI test, the improper admission of those results so affected the due process rights of the accused as to constitute reversible error. La. Code Crim.P. art. 921.

DECREE
For the reasons assigned, the conviction is reversed and the case is remanded to the district court for a new trial.
WATSON, J., dissents.
FORET, J. ad hoc, dissents in part and concurs in part and assigns reasons.
FORET, Justice Ad Hoc, concurring.
I concur in the reversal of the conviction, but I dissent from the remand to the trial court for a new trial. I am of the opinion that the case against the defendant should be dismissed.
NOTES
[*] Judges J. Burton Foret, Jimmy M. Stoker and P. J. Laborde, Jr. of the Court of Appeal, Third Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] La.R.S. 32:662(A)(1)(c) provides that, upon the trial of any criminal action arising out of acts alleged to have been committed by a person while driving under the influence of alcoholic beverages, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood shall give rise to the following presumption:

If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcoholic beverages.
[2] It was noted in Morrison that while much of the jurisprudence concerned requirements for admissibility of test results of the PEI, the principles underlying the pronouncements were concerned with the reliability of the findings and were equally applicable to the Auto-Intoximeter, as were the regulations of the department.