SHORTESS, Judge.
On January 21, 1982, Jacqueline Richard (defendant) was charged by bill of information with (1) one count of misdemeanor theft, a violation of La.R.S. 14:67, and (2) one count of contributing to the delinquency of a minor, a violation of La.R.S. 14:92. Earlier, on December 15, 1981, defendant had been charged with another count of theft. She pled guilty. After a hearing she was sentenced to serve six months in the Parish prison on each of the three charges. The sentences for the theft charges were ordered to be served concurrently with each other and consecutively with the contributing charge. She has appealed. Her only assignment of error alleges that the sentences imposed are excessive.
The trial court has wide discretion in the imposition of sentences. After compliance with the sentencing criteria of La.C. Cr.P. 894.1, its sentence will not be set aside in the absence of manifest abuse of discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983), writ denied, 434 So.2d 410 (La.1983).
Defendant alleges that the record does not indicate that the trial court adequately considered the hardship which would be imposed on defendant’s family if she were not available to assist her father who was on a dialysis machine and to care for a minor niece who resided in her father’s house. We note that evidence of these mitigating factors was introduced at the sentencing hearing. When the trial court recited some of the La.C.Cr.P. 894.1 factors, like defendant’s lengthy criminal history and the risk that she might commit another crime, a factual basis for the sentence was established. Therefore, it was not necessary to enumerate each factor under the article. State v. Mott, 409 So.2d 263 (La.1982); State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983).
The court noted defendant’s extensive criminal history and the fact that an unsupervised probation had previously been terminated unsatisfactorily when it imposed this sentence. Defendant had previously been convicted of misdemeanor theft on July 3, 1978, and April 3, 1981. This sentence of six months in the Parish prison was not excessive in light of defendant’s prior convictions for the same offenses.
With respect to the six-month sentence imposed on the charge of contributing to the delinquency of a minor, we find no abuse of discretion. Defendant used her sixteen-year-old brother as a lookout while *713 she committed the theft in question. This type of conduct must be discouraged.
We note that the December 15, 1981 bill of information charged defendant with “theft (a misdemeanor) (5th offense).” This was an improper method of billing if the State intended to charge defendant as a La.R.S. 14:67 multiple offender. The bill should have included the charges that defendant had been convicted of previously. La.C.Cr.P. art. 483; State v. Cannon, 409 So.2d 568 (La.1982); State v. Bouzigard, 286 So.2d 633 (La.1973). We must treat the charge as a misdemeanor theft. The December 15 and January 21 bills were never consolidated for trial or for sentencing. We consolidated the appeals only for the sake of judicial economy. Defendant had no right to a jury trial for misdemean- or theft and thus had no right to an appeal. La. Const, art. V, § 10(A); La.C.Cr.P. 912.-1; State ex rel. Johnson v. McGougan, 433 So.2d 827 (La.App. 1st Cir.1983). Her only remedy would have been by writ of review.
For these reasons, defendant’s sentences in No. 83KA0408 are affirmed, and her appeal in No. 83KA0409 is dismissed.
AFFIRMED IN PART, APPEAL DISMISSED IN PART.