454 So.2d 409 (1984)
STATE of Louisiana
v.
Joseph HALL.
No. KA-1800.
Court of Appeal of Louisiana, Fourth Circuit.
August 9, 1984.
*410 Birch P. McDonough, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON and WARD, JJ., and L. JULIAN SAMUEL, J. Pro Tempore.
L. JULIAN SAMUEL, Judge Pro Tempore.
Joseph Hall was charged by bill of information with possession of marijuana, a violation of La. R.S. 40:966. He pled not guilty. Following a judge trial, defendant was found guilty as charged and sentenced to serve six months in parish prison. The jail sentence was suspended, and defendant was placed on active probation for two years, conditioned upon his paying a fine of $300.00, plus costs. Defendant appealed his conviction and sentence to the Appellate Court of the Criminal District Court for the Parish of Orleans. On November 8, 1983, that court affirmed defendant's conviction and sentence. Defendant now "appeals" his conviction and sentence to this court.
*411 The Louisiana Courts of Appeal have appellate jurisdiction over criminal cases triable by a jury. La. Const. Art. V § 10(A); La.C.Cr.P. art. 912.1(B). A criminal case is triable by a jury when the punishment which may be imposed is a fine in excess of five hundred dollars or imprisonment for more than six months La.C.Cr.P. art. 779.
In the instant case, the maximum penalty which could have been imposed was a fine of not more than five hundred dollars and imprisonment for not more than six months. La.R.S. 40:966(D). Therefore, the defendant did not have the right to a trial by jury. As a result, he does not have a right of appeal. His proper remedy is by application for a writ of review La.C.Cr. P. art. 912.1(C); Rule 4, Uniform Rules-Courts of Appeal.
Although defendant does not have a right of appeal, under the rule of State v. Banks, 444 So.2d 1243 (La.1984), we will treat his timely "appeal" as an application for a writ of review. State v. Benoit, 446 So.2d 921 (La.App. 1st Cir.1984).
In a single specification of error, defendant contends the trial judge erred in denying his motion for a new trial based on newly discovered evidence.
The events out of which defendant's conviction arose commenced on October 14, 1982, when a confidential informant contacted Officer Donald Harris and informed him that a tall, thin Negro male wearing blue jeans, a black shirt and black shoes was selling marijuana cigarettes from a cigarette pack stored on top of a utility meter outside Harry's Bar at the intersection of Rampart and Felicity Streets. Officer Harris and his partner, Officer Melder, proceeded to that location. As they approached, Officer Harris observed an individual matching the informant's description conversing with a group of males. When this individual (later identified as Hall) saw the unmarked police car approach, he whispered to the other individuals, and the group quickly dispersed. The officers then observed Hall walk over to a utility meter and place an object on top of the meter. Officer Melder detained Hall for the purposes of investigation while Officer Harris proceeded directly to the utility meter. From the top of this meter, Officer Harris retrieved a Salem cigarette pack containing twelve marijuana cigarettes. Hall was informed of his rights and placed under arrest.
At trial, defendant presented four witnesses who testified that on the evening in question, Hall had been drinking in Harry's Bar and had exited the bar only to make a phone call and to assist a woman in obtaining a taxi. Each witness testified that Hall did not meet with other persons while outside Harry's Bar and that they were not aware of any activity resembling a drug transaction. However, two witnesses, Gladys Reilly and David Joseph, recanted their testimony and admitted on cross-examination that because they were seated inside the bar, they could not see Hall during the entire period he was outside using the phone. They also admitted they did not know if Hall was in the presence of other persons while outside the bar and that they could not see the utility meter from where they were seated. A third witness, Roy Lee Wells testified he observed Hall standing on the corner in front of Harry's Bar when the police arrived. He did not see Hall in the presence of other persons, not did he see him use the telephone. The fourth witness, Doris Watson, stated only that she received a phone call from the defendant on the night of his arrest. She was not present at the bar, nor did she observe any of the activities of that evening.
The defendant took the stand and testified in his own defense. He denied possessing marijuana and explained that he left the bar only to use the telephone and to assist a woman in obtaining a taxi. Hall testified that there were other men standing outside the bar, but that he did not speak to any of them.
At the hearing on the new trial motion, defendant presented two additional witnesses, Lionel Lashley and Anthony Wayne Thomas. Lashley testified he observed the *412 defendant from the porch of an apartment above Harry's Bar. He stated that he watched as defendant exited the bar, used the telephone, and then hailed a taxi. He testified that the defendant did not have any contact with other persons outside the bar.
The second witness, Anthony Wayne Thomas, testified that on the night in question he had been watching the street corner from his apartment window. He stated that he saw the defendant exit the bar and use the telephone, but admitted on cross-examination that he had turned away from the window just before the police arrived. Thomas also testified that some time prior to the arrival of the police, he observed an unidentified male place an object on top of the utility meter (where the marijuana was subsequently discovered).
La.C.Cr.P. art. 851 provides the standard of review for determining whether a trial judge has erred in denying a motion for a new trial. That article provides, in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
La.C.Cr.P. art. 851 contains four generally recognized requisities for a new trial motion based on newly discovered evidence: (1) the evidence must have been discovered since the trial; (2) failure to learn of the evidence at the time of trial must not be due to defendant's lack of diligence; (3) it must be material to the issues at the trial; and (4) it must be of such a nature that it would probably produce an acquittal in the event of retrial. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Talbot, 408 So.2d 861 (La.1981) (on rehearing).
The trial judge's application of these precepts to newly discovered evidence is entitled to great weight, and his denial of a new trial motion will not be disturbed on appeal absent a clear abuse of that discretion State v. Prudholm, 446 So.2d 729 (La.1984); State v. Clayton, 427 So.2d 827 (La.1982) (on rehearing); State v. Talbot, 408 So.2d 861 (La.1981) (on rehearing). Applying these principles to the facts of the present case, we are satisfied the trial judge did not abuse his discretion in denying the motion for a new trial. A review of the record shows that much of the evidence presented at the new trial hearing was not new. The testimony of Lionel Lashley was repetitive of defense testimony presented at trial. No additional facts were established. Cumulative evidence as to an issue fairly disclosed and decided at trial ordinarily will not provide a basis for a new trial on the grounds of newly discovered evidence. State v. Lavene, 343 So.2d 185 (La. 1977).
While the testimony of Anthony Wayne Thomas did contain some newly discovered evidence material to Hall's defense, we cannot say that it would "probably" have produced an acquittal in the event of retrial. To the contrary, here we can be certain it would not have changed the judgment.
The trial judge heard the testimony at trial as well as the testimony at the hearing on the new trial motion. As a result, he could and did evaluate the reliability of the additional testimony and its impact on his judgment. During the new trial hearing, Thomas (an admitted friend of the defendant) contradicted himself on several important aspects of his own testimony (e.g. how long he was in his apartment window; how many men he observed near the utility meter). The trial judge has the discretion to deny a new trial when it is sought on the grounds of newly discovered evidence which is suspicious or incredible. *413 State v. Lee, 340 So.2d 180 (La.1976). Under the circumstances here, the trial judge must have concluded that the additional testimony would not have changed his judgment. If he had concluded otherwise, he would have granted a new trial. We note that what is involved here are only the trial judge's conclusions as to credibility.
Accordingly, as we find no merit to defendant's contention that the trial court erred in denying his motion for a new trial, the application is denied.
APPEAL DISMISSED, WRIT DENIED.