459 So.2d 78 (1984)
STATE of Louisiana, Appellee,
v.
Herman SHUFF, Appellant.
No. 16514-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1984.
*79 Travis M. Holley, Bastrop, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, J. Carl Parkerson, Dist. Atty., Monroe, Ellen R. Eade, Asst. Dist. Atty., Bastrop, for appellee.
Before HALL, MARVIN, and FRED W. JONES, Jr., JJ.
HALL, Judge.
The defendant, Herman Shuff, appeals his conviction of driving while intoxicated, third offense, in violation of LSA-R.S. 14:98. The defendant waived his right to a jury trial and was found guilty as charged by the trial court. The defendant was sentenced to serve three and one-half years at hard labor and to pay a fine of $750 and costs, or in default of the fine, to serve 90 days in jail. The three and one-half years at hard labor portion of the sentence was suspended and the defendant was placed on supervised probation for five years subject to conditions of probation that he serve six months in jail without benefit of probation, parole, or suspension of sentence. After discharge from jail defendant is to participate and complete a substance abuse and improvement program. Finding no error by the trial court, we affirm.
Facts
On March 22, 1983, at 10:45 p.m., Sergeant Gary Carver of the Bastrop Police Department observed a white 1978 Toyota pickup truck coming out of two businesses which were closed. Sergeant Carver followed the vehicle and observed the vehicle cross the center line of the street and drop a wheel off the side of the road. Sergeant Carver then observed the defendant at the intersection of Cooper Lake Road and Eastwood Drive in Bastrop, Louisiana, attempt to turn onto Eastwood Drive. Sergeant Carver observed the vehicle head toward a ditch on the other side of Cooper Lake Road, back up, and then turn onto Eastwood Drive. Sergeant Carver then stopped the vehicle.
Sergeant Carver approached the driver's side of the vehicle and asked the defendant to give him his driver's license and also to step out of the truck and walk to the rear of the truck so that field sobriety tests could be performed. Sergeant Carver testified that the defendant had a strong odor of alcohol about his person, slurred speech, and red and watery eyes. Additionally, Sergeant Carver testified that the defendant failed to pass the field sobriety tests.
After Sergeant Carver concluded the field sobriety tests he placed the defendant under arrest for driving while intoxicated and advised the defendant of his Miranda rights. Sergeant Carver then transported the defendant to the Bastrop Police Department.
When the defendant arrived at the police department, Sergeant Carver read the defendant his rights relating to the administration of the PEI breath test. The defendant refused to acknowledge that he understood his rights and refused to take the test. The defendant was then booked and was being led to the jail when he indicated that he desired to take the test. The defendant was transported back to the booking room. He was again advised of his rights. The results of the breath test indicated that the defendant's blood alcohol concentration was .22 percent.
*80 On appeal, the defendant asserts the following assignments of error:
"(1) The trial court erred in failing to maintain the motion to quash the bill of information filed against the defendant inasmuch there was no two prior driving while intoxicated offenses wherein the defendant was given his full constitutional rights, which are necessary to charge the defendant as a driving while intoxicated third offender;
"(2) The trial court erred in admitting the transcripts of the previous pleas of guilty of the defendant over objection of the defendant where the transcripts failed to establish the fact that the defendant had been properly advised of his constitutional rights at the previously pleas of guilty, and knowingly and intelligently waived same;
"(3) The trial court erred in failing to maintain the motion to suppress, the results of the photoelectric intoximeter, where the state had failed to retain possession of the ampule of alcohol used in the test given to defendant where the ampule could have been used for independent testing and evaluation;
"(4) The trial court erred in admitting the results of the photoelectric intoximeter, where the operator failed to observe the defendant continuously for at least 15 minutes prior to the collection of the breath specimen; and
"(5) The trial court erred in allowing to be introduced into evidence the results of the photoelectric intoximeter after the defendant had refused the test in writing, properly acknowledged by two witnesses, or orally in the presence of two witnesses."
Assignments of Error Nos. 1 and 2:
By these assignments, the defendant asserts that the trial court erred in sustaining his motion to quash the bill of information for DWI, Third Offense, on the basis that in the two prior convictions he was not adequately advised of his constitutional rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); and State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
To prove the predicate offenses necessary to convict the defendant for DWI, Third Offense, the state offered the testimony of a Louisiana state trooper who had arrested the defendant for DWI on two previous occasions. The state additionally offered the transcripts and minute entries relating to the defendant's two prior convictions. The record reflects that the defendant pled guilty to driving while intoxicated on July 15, 1980 and that the defendant entered another guilty plea for driving while intoxicated on May 4, 1981. The transcript of May 4, 1981 shows only that the defendant was represented by an attorney and was informed that by pleading guilty he gave up his right to trial. Similarly, the transcript of July 15, 1980 shows that the defendant did not knowingly and intelligently waive his rights set forth in Boykin.
It was not until the supreme court's holding in State v. Jones, 404 So.2d 1192 (La. 1981), that the requirements of Boykin v. Alabama were made applicable to misdemeanor guilty pleas. In State v. Moore, 416 So.2d 1298 (La.1982), the supreme court addressed the issue of the retroactivity of the holding in State v. Jones and found that the requirements of Jones are usually inapplicable when the guilty plea in the predicate offense was entered on or before September 24, 1981. The court provided for only one exception which is not applicable to the present case.
Since the defendant's two predicate offenses occurred prior to the applicable date of the requirements of State v. Jones, the state was not required to show that the defendant had been adequately advised of his constitutional rights under Boykin v. Alabama, supra. These assignments of error are without merit.
Assignment of Error No. 3:
By this assignment, defendant asserts that the trial court erred in denying his motion to suppress the results of the photoelectric intoximeter test on the basis *81 that the state failed to produce, and, in fact, destroyed the ampule of alcohol used in the test, thereby violating the defendant's right of due process. As authority for defendant's argument, defendant relies upon a Colorado Supreme Court decision in Garcia v. District Court, 21st Jud. Dist., 197 Colo. 38, 589 P.2d 924 (1979).
In Garcia, the Colorado court held that in all cases where a defendant elects to submit to a breath test to determine his blood alcohol level, he must be given a separate sample of his breath at the time of the test or the alcoholic content of his breath in a manner which will permit scientifically reliable independent testing by the defendant, if that test is to be used as evidence. In Garcia, the court found that the record was replete with evidence that a sample of defendant's breath could have been preserved inexpensively and expediently. Moreover, the defendant presented competent evidence that a separate breath sample could have been independently tested and the results of that test used to impeach the testimony of the machine which tested his breath.
The record in the present case demonstrates a complete lack of evidence regarding the type of machine used in the test on the defendant. No evidence was adduced to determine whether the ampule of alcohol used in the test, or a breath sample, could be preserved. Consequently, where there is no showing that the evidence is preservable or that there was any prejudice to the defendant by failure to have available to him the ampule of alcohol used in the test, there is no basis for a holding that the defendant was entitled to the relief requested.
Due to the failure of the defendant to make an adequate showing, this assignment of error is without merit.
Assignment of Error No. 4:
By this assignment the defendant asserts that the results of the photoelectric intoximeter test should have been excluded from evidence because the operator failed to observe the defendant continuously for a 15-minute period prior to the collection of the breath specimen. In State v. Clark, 446 So.2d 293 (La.1984), the supreme court found that the regulation does not require constant observation by one individual for the 20-minute period preceding testing, but only that the person be subjected to general observation whereby the subject shall not have ingested alcohol, alcoholic beverages, regurgitated, vomited, or taken anything by mouth. Also see Rule 4, Regulations of Louisiana Department of Public Safety, Relative to Breath and Alcohol Analysis Methods and Techniques, Volume 6, No. 11, Page 660 (November 1980).
While it is evident in the present case that the operator of the breath machine did not observe the defendant 15 minutes prior to administering the test, the record does reflect that the defendant had been in the custody and control of officers since his arrest, approximately 45 minutes prior to the time the test was given. Therefore, the record clearly reflects that the defendant was under general observation well in excess of the 20 minutes required by the regulations.
Therefore, we find this assignment of error to be without merit.
Assignment of Error No. 5:
By this assignment, the defendant asserts that the trial court erred in allowing into evidence the results of the photoelectric intoximeter test after the defendant had refused the test.
The record reflects that the defendant initially refused to take the test. The defendant argues that the rules as set forth by the Department of Health and Human Resources, Office of Health Services and Environmental Quality, prohibit the administering of the test to the person arrested, having once refused to take the test. In sum, the defendant's argument suggests that once the defendant refuses to take the test, the refusal is irrevocable.
The evidence in the present case clearly indicates that the defendant voluntarily consented to the breath test. The test for consent is whether the defendant acted voluntarily without coercion. Schneckloth v. *82 Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The state need not establish an intelligent waiver of the statutory right to refuse the test, but need only show that he acted voluntarily. The trial court's findings in such matters are entitled to great weight and will not be overturned when supported by the record. State v. Clark, supra.
The facts in the present case clearly indicate that the defendant voluntarily decided to take the test. We find no basis in the jurisprudence for the assertion that one's refusal to take a test is irrevocable. Likewise, we find no reasonable basis for such a rule.
Therefore, this assignment of error is without merit.
Decree
Having found no merit to the defendant's assignments of error, the defendant's conviction and sentence are affirmed.
Affirmed.