461 So.2d 640 (1984)
STATE of Louisiana
v.
Willie FRANKLIN.
No. 84 KA 0646.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*641 Ossie Brown, Dist. Atty. by Luke Lavergne, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Ken Riche, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from a conviction of third offense driving while intoxicated.

FACTS
On November 29, 1982, between 2:00 and 2:30 p.m., defendant, Willie Franklin, was observed driving his moving van across a corner lot in a residential neighborhood. The police were summoned by the occupant of the house, who reported that she had seen defendant drive across her property, knocking down garbage cans and several utility and cable lines.
When the police officer arrived, Franklin was still sitting in the van. As the officer assisted Franklin from the truck, Officer McClain could smell a strong odor of alcohol on Franklin's breath and person. Franklin appeared drowsy and had trouble maintaining his balance. Officer McClain then advised Franklin of his Miranda rights and placed him under arrest for intoxication. A search conducted incident to his arrest revealed a partially filled bottle of gin. Mrs. Victor identified Franklin as the person who had driven across her yard in a green moving van.
Officer McClain then took Franklin to police headquarters for a breath test and field sobriety analysis. Upon getting the requisite rights forms signed, Franklin was tested by Officer Stephen Jackson, who determined that Franklin had a blood-alcohol content of .20.
Defendant was charged by bill of information with third offense driving while intoxicated, a violation of LSA-R.S. 14:98. A jury convicted defendant as charged, and he was subsequently sentenced to serve five years at hard labor. Defendant appeals his conviction, alleging six assignments of error. Assignment of Error No. 1 was expressly abandoned, and since we find merit in his third, fourth, and fifth assignments of error, we will not consider the other assignments of error.

ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trial court erred in admitting into evidence the results of the intoxilyzer test because the state failed to establish that the officer administering the test was properly certified.[1] Defendant argues that the police officer's certification in effect at the time the intoxilyzer test was administered to the defendant (December 1982) must be placed into evidence in order to satisfy the constitutional *642 requirements set forth in State v. Jones, 316 So.2d 100 (La.1975). Defendant contends that the state's failure to introduce the card, which certifies that the administering officer was legally qualified to perform the test, constitutes reversible error.
The jurisprudence clearly establishes that the state must prove the qualifications of the officer who administers a chemical test to determine intoxication, and this element of the case is of constitutional proportions. State v. Jones, supra; State v. McGuffey, 316 So.2d 107 (La.1975); City of Monroe v. Robinson, 316 So.2d 119 (La. 1975) on rehearing. See also State v. Gregory, 403 So.2d 1225 (La.1981); State v. Morrison, 392 So.2d 1037 (La.1980).
In State v. Jones, supra, the officer testified that he was certified to administer the tests. However, the court found that the officer's testimony was not clear and unequivocal. The court held that the defendant was entitled to enforcement of the "best evidence" rule and that the testimony given was not the best evidence of the officer's certification. In State v. McGuffey, supra, the defendant agreed that the certification card need not be introduced as long as the contents were provided. The card in effect when the operator tested the defendant, however, was never located. Accordingly, the court reversed the defendant's conviction because the best evidence of certification, i.e. the card, was not produced.
However, in both Jones and McGuffey, the Supreme Court indicated that evidence other than the certification card might be sufficient to establish that the officer is qualified to administer the test, and the production of the card may not be a legal necessity. The actual production of the certification card may not be required where the testimony establishes that the card did not exist at the time of trial, and the state may establish the qualifications of the testing officer through alternative methods.
At the hearing on the predicate, Stephen Jackson, the police officer who administered the intoxilyzer test to the defendant, testified that although he was trained and certified to administer the test in August, 1982, he had destroyed the old certification card when that certification expired and his new card was issued in August, 1983.
In attempting to establish that Officer Jackson was qualified to administer the test in December, 1982, the state relied on the following evidence: Jackson's own testimony that he was certified at that time; the test for certification, dated August 6, 1982, administered to Jackson; and a letter from Herman Legier, instructor with the Department of Public Safety, which acknowledged that Officer Jackson was certified on the intoxilyzer from August 6, 1982, through August 6, 1984.[2]
The testimony of Officer Jackson that he was certified at the time of defendant's arrest does not establish that he was qualified to do so. See City of Monroe v. Robinson, supra.
The primary evidence introduced by the state to establish the fact that Officer Jackson was certified at the time at issue was the letter from Herman Legier, the officer's instructor, which acknowledged that Jackson was certified at that time.
The letter of acknowledgement by Legier is clearly an out-of-court statement offered as proof of its contents. Unless authorized by a recognized exception to the hearsay rule, the letter is inadmissible as hearsay. When defendant objected to the entry of the letter as hearsay, the state argued it was admissible as a public document of a state agency. The trial court allowed the introduction of Legier's letter, although no foundation had been laid for the admission *643 of the record as such. This was clearly impermissible. During the trial, the state attempted to introduce evidence of the qualifications of Legier, at which time defendant objected, because Legier was not available for cross-examination. After discussing the issue with the trial court, the state withdrew the offer of this evidence.
The state must show that the recorded facts are within the personal knowledge of the certifying official entrusted with the legal duty to make (and retain) such record, based upon first-hand knowledge of the facts so recorded. State v. Nicholas, 359 So.2d 965 (La.1978). The evidence must be admissible for some relevant and proper purpose, and the trial court must scrutinize such offerings so as to limit their introduction accordingly.
In the case sub judice, the state presented no foundation whatsoever for the admission of the Legier letter, but merely made the blanket assertion that it was a public document. This letter constituted inadmissible hearsay and cannot be considered to have established the qualifications of the officer.
Although Legier's testimony might have been acceptable in establishing Jackson's qualifications, we cannot say that proof of those qualifications has been established by the evidence presented herein to the degree of certainty required. The Supreme Court holding in State v. Jones, supra and State v. McGuffey, supra mandate the finding that the trial court erred in admitting the results of the intoxilyzer test into evidence without a sufficient foundation to establish the accuracy of those results, and this error constitutes reversible error. Cf. State v. Gregory, supra and State v. Morrison, supra.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant argues that the trial court erred in admitting into evidence on the trial on the merits the bill of information by which the defendant was charged in the instant case, the bills of information by which the defendant was charged and convicted for the two prior DWIs alleged in that bill, and the minute entries of those two prior convictions. Defendant contends that this evidence contains improper other crimes evidence that should have been considered by the court only after the defendant was convicted and should not have been considered by the jury.
The bill of information herein charges the defendant with third offense DWI committed on November 29, 1982. This information also alleges two prior convictions of DWI on April 29, 1981 (for an offense occurring on October 4, 1979), and March 10, 1982 (for an offense occurring on May 5, 1981). Defendant's contentions that it was error to charge the prior convictions in the information, read the information to the jury, and prove these prior convictions to the jury are without merit. In State v. Neal, 347 So.2d 1139, 1141 (La. 1977), appears the following:
Where an accused is charged as second, third, or fourth DWI offender, the information or indictment must allege the prior convictions. State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967). Further, where there is a jury trial, this indictment charging the multiple offenses should be read to the jury. State v. Johnson, 250 La. 473, 196 So.2d 797 (1967). The prior offense or offenses must be proved as part of the state's case, otherwise the conviction will be set aside. City of Monroe v. French, La., 345 So.2d 23 (1977).
Thus, the earlier conviction(s) must be alleged and proved as part of the state's case against an alleged second (or third or fourth) offender before a conviction as a multiple offender may be secured, so as to permit the imposition of the enhanced penalties for later offenses. See also State v. Bouzigard, 286 So.2d 633 (La.1973) (possession of marijuana, second offense).
See also La.C.Cr.P. art. 483; State v. Cannon, 409 So.2d 568 (La.1982); State v. Krause, 405 So.2d 832 (La.1981); State v. Harris, 444 So.2d 257 (La.App. 1st Cir. *644 1983), writ denied, 445 So.2d 1234 (La. 1984); State v. Richard, 442 So.2d 711 (La.App. 1st Cir.1983).
The bill of information which resulted in the April 1981 conviction was filed in evidence. It charged the defendant with second offense DWI and alleged a prior DWI conviction on October 25, 1977, for an offense committed on May 25, 1975. The bill of information which resulted in the March 1982 conviction was also filed in evidence. It charged the defendant with fourth offense DWI and alleged prior convictions on January 23, 1978, for an offense occurring on December 14, 1976, October 26, 1977, and for an offense occurring on June 25, 1976, and ________, 19_____, for an offense occurring on April 6, 1979. The minute entry for the March 1982 conviction was filed in evidence. It shows the defendant was charged with fourth offense DWI, the "Court granted the motion to quash as to Counts I, II and III herein", and the defendant was arraigned on and pled guilty to first offense DWI.
Thus, although the information herein only charged the defendant with being convicted of DWI in March of 1982 and April of 1981, the proof introduced by the State, over the defendant's objection, showed convictions for DWI in January 1978, October 1977 and ______, 19____. This is clearly impermissible other crimes evidence. Cf. State v. Humphrey, 412 So.2d 507 (La. 1982) (on rehearing).
These assignments of error have merit. On the retrial, the State may only use the documentary evidence showing the prior convictions charged in the information, if the reference to extraneous other crimes is masked out.
For the foregoing reasons, defendant's conviction is reversed, and his sentence is vacated. This matter is remanded to the trial court for a new trial in accordance with the opinions expressed herein.
CONVICTION REVERSED; SENTENCE VACATED; REMANDED.
NOTES
[1] Defendant expressly abandoned his second argument under this assignment of error, in which he argued the results were inadmissible because defendant was incapable of knowingly and voluntarily waiving his rights relating to the test, and the form used to advise him of his rights did not adequately do so.
[2] The state also introduced a certification card issued to Jackson certifying him to administer the intoxilyzer test from October 11, 1983, until October 11, 1985; a recertification form and test administered in 1980, which indicates that Jackson was recertified to administer the photo-electric intoxilyzer (PEI); and copies of the certifications of Bailey Hughes and George Dunn. These items, however, do not establish that Stephen Jackson was certified to administer the intoxilyzer test in December, 1982.