504 So.2d 1094 (1987)
STATE of Louisiana
v.
Eva C. ST. AMANT.
No. 86-KA-642.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1095 Daniel T. McKearan, Jr., Harahan, for appellant.
John M. Mamoulides, Dist. Atty., Twenty-Fourth Judicial Dist., Parish of Jefferson, Adrian Layeyronnie, Jr., Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Louise Korns, of Counsel, Office of the Dist. Atty., Gretna, for appellee.
Before CHEHARDY, C.J., and GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
Eva St. Amant appeals her conviction of operating a vehicle while intoxicated, second offense, a violation of LSA-R.S. 14:98. Defendants convicted of a second-offense DWI do not have a right of appeal to this Court because that offense is not triable by jury; their mode of review is by application for supervisory writs. Although this case is postured as an appeal, we will treat this as a writ application, according to accepted appellate practice. See City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985); and State v. Hall, 454 So.2d 409 (La.App. 4 Cir.1984). As a writ application, it makes a sufficient showing to justify review on the merits of defendant's claims.
The testimony established that defendant was arrested on February 9, 1986 by Officer Robert Bourgeois, Jefferson Parish Sheriff's Office, in response to a complaint of threats and harassment. Officer Bourgeois had interviewed the complainant and was sitting in his patrol car completing the paperwork on the call, when he saw a car passing that fit the description given him by the complainant. He stopped the car and asked the driver to dismount. Defendant got out and the officer observed that she was unsteady on her feet, seemed confused, and smelled of alcohol.
Officer Bourgeois advised her of her rights and placed her under arrest on suspicion of the harassment charge and of DWI. He then transported her to the Jefferson Parish Correctional Center, where she underwent breath analysis on the Intoxilyzer *1096 Model 5000 intoximeter and performed a videotaped field sobriety test.
Sergeant J.E. Montville of the Westwego Police Department performed the intoximeter test. He testified the result was .18g percent. Officer Bourgeois testified he was present during the intoximeter test and that he saw the result was .18g percent. He also testified that during the videotaped field sobriety test defendant was unsteady on her feet. After viewing the videotape, however, the trial judge stated he felt that defendant had performed adequately on the field sobriety test.
To establish this was defendant's second DWI offense, the State introduced a certified copy of a court record showing a DWI conviction for an Eva St. Amant arising from an arrest on April 14, 1983. The trial court took judicial notice that the birthdate and driver's license number of the defendant in this case are the same as those of the Eva St. Amant in the prior conviction. Based on this information, he concluded they are the same person and found defendant guilty of DWI, second offense.
Defendant makes four assignments of error, all directed to the admissibility or the sufficiency of the evidence.

ASSIGNMENT OF ERROR NO. 1
Defendant asserts the trial court erred in concluding that the results of the breath analysis test indicated she was under the influence of alcohol while driving.
In arguing the first assignment, defendant contends the State failed to prove the officer administering the intoximeter test followed the official procedures for using the Intoxilyzer Model 5000. Specifically, she argues, the officer failed to testify to the rules promulgated by the Department of Public Safety for use of the Intoxilyzer Model 5000, set forth in 11 Louisiana Register 259 (1985).
These rules include general observation of the subject for at least 15 minutes prior to testing (to insure he or she has not ingested or regurgitated anything by mouth) and conducting the breath analysis according to a checklist that requires, among other things, recording the subject's name and driver's license number, date, instrument number and certification date; attaching a new and clean mouthpiece to the breath inlet hose; and attaching the test record card to the checklist.
In State v. Gregory, 403 So.2d 1225 (La. 1981), the Supreme Court stated, at page 1226:
"In order for the state to avail itself of the statutory presumption of a defendant's intoxication arising from a chemical analysis of his blood, La.R.S. 32:662, it must show (1) that the state has officially promulgated detailed methods, procedures and techniques to insure the integrity and reliability of the chemical tests including provisions for repair, maintenance, inspection, cleaning, chemical accuracy, and certification; and (2) that the state has strictly complied with the officially promulgated methods, procedures and techniques in the chemical analysis offered as evidence in the case on trial. * * *"
The Gregory court ruled that the trial court had erred by admitting in evidence the results of a photo-electric intoximeter test without requiring the State to show that the individuals who performed the maintenance checks on the PEI unit were certified by the Department of Public Safety according to its rules. The court concluded that the improper admission of the test results so affected the due process rights of the accused as to constitute reversible error.
In so holding, the court referred to the earlier cases of State v. Morrison, 392 So.2d 1037 (La.1980), State v. Graham, 360 So.2d 853 (La.1978), and State v. Jones, 316 So.2d 100 (La.1975). These cases establish that a prosecutor who wishes to rely on the statutorily-established presumption of intoxication determined by chemical analysis of blood, breath or urine must first lay a foundation for introduction of the test results by showing careful adherence to strict procedures in administering intoxication tests.
"A conviction obtained through chemical test legislation, which not only destroys a defendant's presumption of innocence *1097 but also severely restricts any possibility of a defendant proving his innocence, must be reversed if not accompanied by all of the safeguards designed to insure reliable chemical analysis. * * *" State v. Graham, supra, at 857.
Sergeant Montville first described generally how the Intoxilyzer Model 5000 test is administered. He then described how he had administered the test to defendant, but failed to mention whether he complied with the prescribed observation period and whether he had attached a new and clean mouthpiece to the machine, as required by the Department of Public Safety rules, supra. In addition, although the prosecutor asked Sgt. Montville what results were shown on the printout card from the machine, the State failed to introduce the printout into evidence.
We do not agree with defendant's claim that the State failed to establish the required observation period. The regulation does not require constant observation by one person for the 15-minute period preceding testing, only that the subject be under general observation that will establish the subject had neither regurgitated nor ingested anything by mouth. See State v. Clark, 446 So.2d 293 (La. 1984); State v. Shuff, 459 So.2d 78 (La.App. 2 Cir.1984). Defendant was in the custody of Officer Bourgeois for 25 to 30 minutes following her arrest, until they arrived at headquarters, where the ticket was issued and the intoximeter test was administered. We conclude this sufficiently establishes the general observation period required. See State v. Shuff, supra.
Nor is there merit to defendant's claim that the test is invalid because the checklist of procedures used was not introduced into evidence. Due process does not require that the checklist itself be introduced. It does, however, require the testimony to establish that there is a required procedure for administering the test and that the procedure was followed.
The State failed to present evidence of the procedure established by the Department of Public Safety. Further, there was nothing to show that Sgt. Montville used a clean, new mouthpiece in administering the test to defendant. This lack of evidence is a lapse in carrying the burden of proof, because it does not show strict compliance with the procedure. The re-use of a contaminated mouthpiece could have a strong bearing on the validity of the test results. Accordingly, the evidence concerning the intoximeter test was inadmissible.

ASSIGNMENT OF ERROR NO. 4
Defendant also contends the trial court should not have admitted the administering officer's testimony regarding the results, because the machine's printout was not introduced into evidence. In view of our finding that the results of the intoximeter test were inadmissible for failure to lay a proper foundation, this assignment of error is moot.

ASSIGNMENT OF ERROR NO. 3
The defendant argues that the trial court erred in failing to give proper weight to the video recording of the field sobriety test, as the trial judge admitted that in the test "the lady did adequate."
In reviewing a claim of insufficient evidence, the standard used by an appellate court is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Porretto, 468 So.2d 1142 (La.1985); State v. Nelson, 487 So.2d 695 (La.App. 5 Cir.1986).
Because we have concluded the intoximeter test result is inadmissible, defendant's conviction must turn on whether the State's evidence otherwise proved beyond a reasonable doubt that defendant was operating a motor vehicle while under the influence of alcoholic beverages. Apart from the intoximeter test, the other evidence offered on this issue was the videotaped field sobriety test and the arresting officer's testimony relating his sensory impressions.
*1098 We conclude, as did the trial judge, that the defendant does not appear intoxicated on the videotape.
The only remaining evidence is the arresting officer's statement that when he first detained her she smelled of alcohol, was unsteady on her feet and seemed confused. He also testified, however, that she was unsteady on her feet during the videotaped field sobriety test, but that was not perceptible to us. Accordingly, we conclude his testimony alone is insufficient to carry the State's burden of proof.

ASSIGNMENT OF ERROR NO. 2
Defendant's Assignment of Error No. 2 challenges the trial court's finding that the defendant had a prior DWI conviction based upon a certified document produced of a prior DWI. Because we find defendant's conviction reversible under the previous assignments, this issue is also moot.
For the foregoing reasons, therefore, the conviction is reversed.
REVERSED.
GRISBAUM and DUFRESNE, JJ., concur.