PER CURIAM.
On January 23, 1987, pursuant to a Writ of Mandamus filed by the defendant, this Court, in 87-KH-2 ordered the 23rd Judicial District Court to decide the merits of relator’s writ application addressed to that court. On February 10, 1987 an evidentia-ry hearing was conducted and, following the hearing, the writ application was denied. Upon leaving the courthouse the defendant indicated to his attorney his intent to file an appeal in proper person. On February 13, 1987, this intent to appeal was communicated to the trial judge who granted an order of appeal and set a return date.
Pursuant to this order the matter was lodged as an appeal in this Court. However, we find the following jurisdictional defects:
1) The defendant has no right to an appeal from a denial of an application for post conviction relief, and
2) This Court lacks jurisdiction to entertain relator’s application for supervisory relief.
I. RIGHT TO AN APPEAL
The instant appeal was taken from the denial of Holton’s application for post conviction. LSA-C.Cr.P. art. 930.6 provides:
A. The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief
B. If a statute or ordinance is declared unconstitutional, the state may appeal to the Supreme Court. If relief is granted on any other ground, the state may invoke the supervisory jurisdiction of the court of appeal.
C. Pending the state’s application for writs, or pending the state’s appeal, the district court or the court of appeal may stay the judgment granting relief, [emphasis added].
Accordingly, the matter is improperly postured as an appeal and should be a writ. See State v. St. Amant, 504 So.2d 1094 (La.App. 5th Cir.1987).
II. JURISDICTION OF THE COURT
If the matter is considered as a writ, this Court would lack jurisdiction to *298 consider it. The minutes contained in the record reflect that Holton pled guilty to the attempted crime against nature made the subject of his writ application on February 26, 1982, and was sentenced on the same day.
LSA-Const. Article 5 Section 5(E) provides:
In addition to the provisions of Section 5(D) and notwithstanding the provisions of Section 5(D), or Sections 10(A)(3) and 10(G), the supreme court shall have exclusive appellate jurisdiction to decide criminal appeals where the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed, but only when an order of appeal has been entered prior to July 1, 1982 and shall have exclusive supervisory jurisdiction of all criminal writ applications filed prior to July 1, 1982 and of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982. [emphasis added].
Accordingly, this Court lacks the jurisdiction to address the merits of the matter.
For the foregoing reasons, this appeal is dismissed and transferred to the Supreme Court for review.
APPEAL DISMISSED; TRANSFERRED TO THE SUPREME COURT.