EDWARDS, Judge.
This matter is on appeal by the defendant, Department of Public Safety and Corrections (DPS), from a judgment in favor of plaintiff, Lance A. Lewis, which vacated and set aside the suspension of Lewis’s driving privileges. For the following reasons, we affirm the judgment of the trial court.
FACTS
On September 22, 1990, plaintiff, Lance A. Lewis was detained for a traffic violation and submitted to a chemical test for intoxification (the intoxilyzer 5000). The test result was .17 percent, and pursuant to Louisiana’s Implied Consent Law (LSA-R.S. 32:667), Lewis was given official notice of withdrawal of driving privileges, informing him that the suspension would begin thirty days from the date of arrest unless *357 he requested an administrative hearing within ten days of the arrest date. Lewis timely requested, and was granted an administrative hearing on December 4, 1990. In a decision dated December 10, 1990, the proposed order of suspension was affirmed. Lewis appealed this decision to the district court, which hearing was limited to the record of the administrative hearing. The trial court found that the state had failed to satisfy the requirements of the rules and regulations promulgated by the Louisiana Department of Public Safety, in connection with the administering of alcohol breath tests. Specifically, the trial court found that Lewis had not been under general observation for a period of not less than fifteen minutes prior to the testing, as required by Section 513(A). Based on this finding, the trial court vacated the suspension. DPS contends that the trial court erred since the administrative record reflects that Lewis was under the requisite general observation for more than fifteen minutes prior to testing.
APPLICABLE LAW
Pursuant to LSA-R.S. 32:663, DPS has promulgated rules and regulations to be followed in conducting breath and blood alcohol tests. See Louisiana Register Volume 14, Number 7, July 20, 1988. Chapter 5, § 513 outlines the procedure for analysis using the intoxilyzer 5000 as follows, in pertinent part:
A. General observation of the subject for a period of not less than 15 minutes prior to testing whereby the subject shall not have ingested alcohol, alcoholic beverages, regurgitated, vomited, or taken anything by mouth, (emphasis added).
The purpose of the fifteen minute observation is to attain accurate test results by ensuring that the subject has not taken anything by mouth, ingested alcohol or alcoholic beverages, regurgitated or vomited. See State v. Clark, 446 So.2d 293, 297 (La.1984); State v. St. Amant, 504 So.2d 1094, 1097 (La.App. 5th Cir.1987).
In the instant case, twenty-five minutes lapsed between Lewis’s arrest and his submission to the test: the arrest report entered into evidence reflects that the time of arrest was 2:21 a.m. Lewis was transported by the arresting officer in the back seat of the officer’s unit, with a customary wire screen divider between the front and back seat, to the police station, where the same arresting officer administered the test. The Intoxilyzer 5000 Operational Check List, also entered into evidence, reflects that Lewis was tested at 2:46 a.m.
The evidence presented at the trial consisted only of the transcript of the administrative hearing (containing only Lewis’s testimony — the arresting officer did not testify) and twelve exhibits submitted by DPS. Among these documents is an Intox-ilyzer 5000 Operational Check List, wherein the arresting officer has checked off that “subject under observation for at least 15 minutes and nothing taken by mouth.” However, there is nothing in the record to indicate whether the officer observed Lewis regurgitate or vomit during this period of observation.[1] The Check List offered into evidence by the DPS is deficient in that it fails to address those specific conditions which must be observed pursuant to the DPS rules. Absent any evidence that during the fifteen minutes of observation, Lewis did not vomit, regurgitate or ingest alcohol, we cannot say that the trial court erred in finding that there was noncompliance with the DPS rule. Therefore, we affirm the judgment of the trial court vacating the suspension of Lewis’s driving privileges at appellant’s cost.
AFFIRMED.
GONZALES, J., respectfully dissents.

. At the hearing, Lewis testified that "it’s a good probability” that he had "belched or burped” during the fifteen minutes preceding the test. Lewis maintains that the fact that he burped during the fifteen minute interval, alone, evidences noncompliance with the general observation rule. Since we are affirming the trial court’s judgment based on insufficient evidence, we need not reach the novel question of whether a belch or burp constitutes a regurgitation within the scope of DPS rule § 513(A).